**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEERLESS INSURANCE COMPANY, | No. C 14-0135 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF AND COUNTERDEFENDANT'S MOTION TO DISMISS COUNTERCLAIMANTS' THIRD, FOURTH, AND FIFTH COUNTERCLAIMS FOR RELIEF; AFFORDING COUNTERCLAIMANTS LEAVE TO FILE AMENDED COUNTERCLAIMS** |
| v. | |
| CLEAR GEAR, LLC; PETER TSOU dba CLEAR GEAR | |
| Defendants. | |
| _____/ | |
| AND RELATED COUNTERCLAIMS. | |
| _____/ | |

Before the Court is plaintiff/counterdefendant Peerless Insurance Company's ("Peerless") motion, filed June 13, 2014, to dismiss defendants/counterclaimants Clear Gear, LLC and Peter Tsou's (collectively, "Clear Gear") Third, Fourth, and Fifth Counterclaims for Relief pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Clear Gear has filed opposition, to which Peerless has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

---

[1] By order filed July 11, 2014, the Court took the matter under submission and vacated the hearing noticed for July 18, 2014.

### A.    Third Counterclaim for Relief

In this insurance coverage action, the Third Counterclaim for Relief asserts a claim of fraud in the form of both affirmative misrepresentations and concealment, and is premised on Peerless's denial of insurance coverage.  The Third Counterclaim is subject to dismissal for two reasons.

First, to the extent the Third Counterclaim is based on false statements found in the contract itself, such statements only give rise to a fraud claim where the insured can show "the insurer did not <u>intend</u> to fulfill its representations as to coverage <u>at the time the contract was entered into</u>."  See Miller v. National American Life Ins. Co., 54 Cal. App. 3d 331, 338 & n.4 (1976) (emphasis in original).  Here, Clear Gear's conclusory allegations of Peerless's intent not to perform (see Counterclaim ¶¶ 42(B), 43(A)) are insufficient to support an inference of such intent.  See, e.g., Sunnyside Development Co., LLC v. Opsys Ltd., 2005 WL 1876106, at *6 (N.D. Cal. Aug. 8, 2005) (dismissing fraud claim arising from breach of contract where plaintiff alleged failure to perform but complaint contained no facts to support inference of intent not to perform at time contract entered); Tenzer v. Superscope, Inc., 39 Cal. 3d 18, 30 (1985) (noting "something more than nonperformance is required to prove the defendant's intent not to perform his promise"; listing, among circumstances tending to show scienter, insolvency, hasty repudiation of promise, and continued assurances after performance clearly not forthcoming).

Second, to the extent the Third Counterclaim might be based on statements aside from those contained in the contract itself, the allegations contained therein lack the specificity required of fraud claims.  (See, e.g. Counterclaim ¶ 42 (alleging affirmative misrepresentations occurred "[b]oth before the events that are the subject of the [underlying lawsuit], as well as afterward," that "[t]he misrepresentations were made by various individuals that were empowered to speak on behalf of [plaintiff]," and that "[t]he misrepresentations were made both orally and in writing")); Fed. R. Civ. Pro. 9(b); Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (holding, under Rule 9(b), "pleading must identify the who, what, when, where, and how of

1  the misconduct charged, as well as what is false or misleading about the purportedly

2  fraudulent statement, and why it is false) (internal quotations, citation, and alteration

3  omitted).

4       Accordingly, defendants' Third Counterclaim for Relief is subject to dismissal.

5       **B.**     **Fourth Counterclaim for Relief**

6       The Fourth Counterclaim for Relief alleges a claim of negligent misrepresentation

7  that is based exclusively on and incorporates by reference the same misrepresentations

8  alleged in the Third Counterclaim for Relief (see Counterclaim ¶¶ 42, 55), which

9  misrepresentations are alleged in the Fourth Counterclaim to have been "made without

10  reasonable grounds for believing them to be true" (see id. ¶ 56).  Where a complaint

11  "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of

12  conduct as the basis of [a] claim," such claim "is said to be 'grounded in fraud'" and thus

13  "must satisfy the particularity requirement of Rule 9(b)."  See Kearns v. Ford Motor Co., 567

14  F.3d 1120, 1126 (9th Cir 2009) (internal quotation and citation omitted).  In this instance,

15  Clear Gear's Fourth Counterclaim is a claim "grounded in fraud," see Kearns, 567 F.3d at

16  1127; Cal. Civ. Code §§ 1709, 1710 (defining "fraudulent deceit" as including "[t]he

17  assertion, as a fact, of that which is not true, by one who has no reasonable ground for

18  believing it to be true"), and, as such, suffers from the same deficiencies as Clear Gear's

19  Third Counterclaim.

20       Accordingly, defendants' Fourth Counterclaim for Relief is subject to dismissal.

21       **C.**     **Fifth Counterclaim for Relief**

22       The Fifth Counterclaim for Relief seeks to hold Peerless vicariously liable for the

23  alleged negligence of Irene Herman and Irene Herman Insurance Services (collectively,

24  "Herman"), the "insurance agents, brokers, [and] producers" (see Counterclaim ¶ 7) from

25  whom Clear Gear alleges it "purchased the insurance policies at issue here" (see id. ¶ 13).

26  Even assuming Clear Gear has sufficiently alleged a claim of negligence as to Herman,

27  however, Clear Gear fails to plead such claim against Peerless, as Clear Gear fails to

28  allege any facts to support a finding that an agency relationship existed between Herman

1   and Peerless.  See, e.g., Mercury Ins. Co. V. Pearson, 169 Cal. App. 4th 1064, 1072

2   (2008) (affirming dismissal of vicarious liability claim against insurer; holding "mere

3   allegation" of agency insufficient); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding

4   "legal conclusions" not supported by "factual allegations" fail to state claim upon which relief

5   can be granted).

6        Accordingly, defendants' Fifth Counterclaim for Relief is subject to dismissal.

7                                    **CONCLUSION**

8        For the reasons stated above:

9        Peerless's motion to dismiss is hereby GRANTED, and the Third, Fourth, and Fifth

10   Counterclaims for Relief are hereby DISMISSED with leave to amend to cure the

11   deficiencies described above.

12       In the event Clear Gear wishes to file an Amended Counterclaim, it shall do so no

13   later than August 6, 2014.  In any such Amended Counterclaim, Clear Gear may amend

14   only the Third through Fifth Counterclaims for Relief.  Clear Gear may not add any new

15   federal or state law claims, or add any new counterdefendant, without first obtaining leave

16   of court.  See Fed. R. Civ. P. 15(a)(2).

17       **IT IS SO ORDERED.**

18

19   Dated: July 23, 2014

20                                        _____
                                         MAXINE M. CHESNEY
                                         United States District Judge

21

22

23

24

25

26

27

28